UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM WHITE, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 12-11178-FDS |
| BRUCE GELB, | ) ) | |
| Respondent. | ) ) ) | |

MEMORANDUM AND ORDER
ON RESPONDENT'S MOTION TO DISMISS

SAYLOR, J.

This is a petition for a writ of habeas corpus by a person in state custody. In 2008, petitioner William White admitted to violating the terms of his probation imposed for an earlier crime, and was sentenced to five to seven years in state prison as a result. He contends that he was deprived of his federal constitutional rights against self-incrimination and the right to remain silent at his sentencing hearing. He now seeks habeas relief pursuant to 28 U.S.C. § 2254.

Respondent has moved to dismiss the petition as time-barred. For the reasons set forth below, the motion will be denied.

I.     **Factual Background**

   A.     **State Court Proceedings**

On April 9, 2004, petitioner pleaded guilty to motor vehicle homicide by negligent operation, assault and battery with a dangerous weapon, leaving the scene of personal injury and death, leaving the scene of personal injury, possession of liquor by a person under 21 years of

age, and possession of a class D substance.  He was sentenced to a committed term of two-and-a-half years in the House of Correction, with an additional one-year committed sentence, from and after the first, and a lengthy probation sentence following his release.  The conditions of his probation prohibited him from consuming alcohol.

On April 30, 2008, the Commonwealth filed a "Notice of Surrender" against petitioner for consuming alcohol in violation of the conditions of his probation.  (Def. Br, Ex. A).  At a hearing held on May 7, 2008, petitioner admitted to the violation, and the state court revoked his probation.  (*Id.*).  On May 13, the court imposed a sentence of five to seven years in prison.  (*Id.*).  Petitioner appealed.

On January 25, 2011, the Massachusetts Appeals Court affirmed the order revoking petitioner's probation and imposing a prison sentence.  *Commonwealth v. White*, 78 Mass. App. Ct. 1122 (2011).  On March 31, 2011, the Supreme Judicial Court of Massachusetts denied further appellate review.  *Commonwealth v. White*, 459 Mass. 1108 (2011).

**B.**     **Federal Court Proceedings**

On June 29, 2012, White filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He seeks relief based on a single claim.  He contends that he was deprived of his federal constitutional right against self-incrimination and the right to remain silent at his sentencing hearing.  Essentially, petitioner asserts that the sentencing judge used his perceived lack of remorse and acceptance of responsibility as aggravating factors in determining his sentence.  He contends that punishing him based on these factors is essentially the same as punishing him for the exercise of his constitutional right to remain silent, and is thus a violation of his Fifth Amendment rights.  He seeks an order vacating his sentence.

Respondent has moved to dismiss the petition on the basis that it is time-barred under the statute of limitations. 28 U.S.C. § 2244(d).

## III.   Analysis

### A.   Statute of Limitations

Federal law establishes a one-year statute of limitations period for federal habeas corpus petitions filed under section 2254. 28 U.S.C. § 2244(d)(1). In relevant part, the statute provides that the limitations period begins to run on "the date on which judgment became final by the conclusion of *direct review* or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A) (emphasis added). For petitioners who are denied appellate review by the Supreme Judicial Court of Massachusetts and do not pursue review in the United States Supreme Court, the statute of limitations begins to run when the time for seeking review by writ of certiorari in the United States Supreme Court has expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

Here, petitioner filed a timely appeal challenging the constitutionality of the sentence imposed following the revocation of his probation. This appeal was not, as respondent seems to argue, a collateral attack on his initial conviction; it was a direct appeal of his sentence—in other words, "direct review" within the meaning of § 2244(d)(1). As a general proposition, a defendant may challenge the revocation of his probation on direct appeal. *See Commonwealth v. Christian*, 429 Mass. 1022, 1023 (1999) ("When a defendant challenges [a] probation revocation order, . . . a direct appeal is the appropriate method of seeking review."). It is less clear whether a Massachusetts defendant may also challenge the sentence imposed as a result of a probation revocation order on direct appeal, or whether Mass. R. Crim. P. 30(a) is the only appropriate

means of challenging the legality of an imposed sentence. *Id.* ("Rule 30(a) is the appropriate avenue for relief only where the defendant is not challenging the probation revocation order itself, but rather the sentence imposed in consequence of the order."). However, the Massachusetts Appeals Court ruled on petitioner's direct appeal without objection, and respondent offers no reason why it should not be treated as an appeal—that is, "direct review"—as opposed to a collateral challenge for statute of limitations purposes. Accordingly, the petition is subject to the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)—one year from either the date on which judgment became final by the conclusion of direct review or from the expiration of the time for seeking such review.

The Massachusetts Supreme Judicial Court issued a final judgment denying petitioner's application for further appellate review on March 31, 2011. A petitioner in a criminal case has 90 days to petition the United States Supreme Court after receiving a final judgment from the highest court of his state. S.Ct. R. 13(1). Accordingly, petitioner had until June 29, 2011 to petition the United States Supreme Court for review, and the limitations period for filing a federal habeas corpus case did not begin to run until that day. Petitioner's habeas corpus petition was filed on June 29, 2012—exactly one year from the expiration of the time for seeking direct review of the judgment. The petition is therefore timely, and respondent's motion to dismiss will be denied.

**IV.** **Conclusion**

For the reasons stated above, the Court finds that the petition was filed within the one-year limitations period. Respondent's motion to dismiss the petition as time-barred is therefore DENIED.

**So Ordered.**

                                                                                       /s/ F. Dennis Saylor  
                                                                                       F. Dennis Saylor IV  
                                                                                       United States District Judge

Dated:   December 14, 2012